HUMPHRIES, Judge.
This is an appeal from an unsuccessful demand for workmen’s compensation benefits. We affirm.
The plaintiff was injured on November 7, 1974 and was treated on the date of the injury and three subsequent days by a general practitioner. He was discharged by the doctor on December 3, 1974 as able to return to work. On December 16th he was examined by an orthopedic surgeon who failed to find any disability. In total this plaintiff was either treated or examined by two general practitioners, one thorasic and chest surgeon, one neurosurgeon and two orthopedic surgeons. One doctor testified in open court and the written reports of the others were filed in evidence. The only doctor to indicate that the plaintiff was not able to go back to work was a general practitioner who would only state that he felt that the plaintiff should do light work before engaging in heavy manual labor. He stated that it would be necessary for the plaintiff to “limber up.”
The trial court handed down excellent reasons for judgment. He properly analyzed all of the evidence, applied the proper law and found that the plaintiff had failed to sustain his burden of proof. The trial court summed up the case as follows:
“The plaintiff’s complaints of continuing pain and suffering in his back and chest were not supported by any of the medical testimony but in fact were contradicted by the majority of it. The rule has been consistent in workmen’s compensation cases that the claimant may establish a right to workmen’s compensation benefits by his testimony alone where the testimony is consistent and supported by the surrounding circumstances, provided there is nothing to discredit his testimony. Stoddard v. Insurance Company of North America, et al. 271 So.2d 367, Court of Appeal, Second Circuit, November, 1972.
The Court can only conclude that the plaintiff failed to support his claim by the required preponderance of evidence, and accordingly, the plaintiff’s suit should be dismissed at his cost.”
Not only did the trial court not commit manifest error but it is our opinion that his findings and the application of the law are manifestly correct.
The plaintiff is to pay for all costs of this appeal.
Affirmed.